1 | Henry T. Heuer, State Bar No. 69006
PRINCE & HEUER
2 | 1322 Euclid Street, Suite 1
Santa Monica, CA 90404
3 | Telephone: (310) 477-7442
Fax : (310) 477-7443
4 | Email : henry@princeheuer.com

5 | Attorneys for Plaintiff, Claimant,
FEMY WAGAS.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| FEMY WAGAS, | Case No.: |
|---|---|
| Plaintiff, | **IN ADMIRALTY** |
| v. | **COMPLAINT FOR PERSONAL INJURY DAMAGES AND INJUNCTIVE RELIEF** |
| PRINCESS CRUISE LINES, LTD. and DOE 1 through DOE 10, inclusive, | |
| Defendant, | • **DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS [42 U.S.C. 12182(a) et seq.]**<br>• **DENIAL OF FULL AND EQUAL ACCESS [Cal. Civil Code §§ 54 and 54.1]**<br>• **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT [Cal. Civil Code §§ 51,54,54.1,55]**<br>• **NEGLIGENCE PE SE.** |
| | **DEMAND FOR JURY TRIAL** |

///

///

///

///

---

1

**IN ADMIRALTY - COMPLAINT FOR PERSONAL INJURIES AND INJUNCTIVE RELIEF**

# COMPLAINT

Pursuant to Federal Rules of Civil Procedure, rule 9(h), Femy Wagas hereby alleges as follows:

1. Plaintiff is an adult resident of the County of Los Angeles. Plaintiff is an individual with a disability as defined in California Civil Code, section 51(c)(1), Government Code, section 12926, and the Americans with Disabilities Act ("ADA"), 42 United States Code ("U.S.C.") 12101, et seq.

2. The named defendant in this action is Princess Cruise Lines, LTD ("Princess Cruise"), a foreign corporation, registered and actively doing business in California.

3. The true names and capacities, whether individual, corporate, associate or otherwise of defendants, DOE 1 through DOE 10, inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants are in some manner legally responsible for the events and happenings herein referred to, and legally caused injury and damages thereby to the plaintiff as herein alleged.

4. Plaintiff is informed and believes, and on such information and belief alleges, that at all times mentioned herein, defendants, and each of them, were the agents, servants, contractors, employees of each of the remaining defendants and were acting within the course and scope of said agency, service contract and employment. All actions alleged herein were done with the knowledge, consent, approval and ratification of each of the defendants herein.

5. Princess Cruise is the owner operator of the cruise ship Emerald Princess-E907 and is a business corporation authorized to do, and doing business in the State of California, which may be served through its agent for service of process, CT Corporation Systems, 818 West Seventh Street, Suite 200, Los Angeles, California.

6. Plaintiff is informed and believes that Princess Cruise is self-insured with respect to the claims of plaintiff as alleged herein.

///

# I.

## JURISDICTION AND VENUE

7.      Plaintiff, designates her claims as those founded in admiralty and general maritime law and under the Savings to Suitors Clause of the United States Constitution and hereby asserts these causes of action in United States District Court for the Central District of California having jurisdiction over the parties and subject of this action. Moreover, this action arises out of a marine casualty occurring on the navigable waters of the United States and the territorial waters of the State of California, and the incident giving rise to this action had the potential to disrupt maritime commerce and involved a traditional maritime activity, and therefore is subject to the Admiralty and Maritime Jurisdiction of this Court conferred by Article III, section 2, of the Constitution, 28 U.S.C. 1331 and 28 U.S.C. 1333, and supplemental jurisdiction (pendant and ancillary jurisdiction) pursuant to 28 U.S.C. 1367.

8.      Moreover, the federal jurisdiction of this action is based on the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 - 12102, 12181 - 12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Central District of California is in accordance with 28 U.S.C. 1391(b), because plaintiff's claims arose within the judicial district of the United States District Court of the Central District of California and the vessel that is the subject of this action was located at the time of the injury in this district at or near San Pedro, California.

9.      The Judicial District of the United States District Court of the Central District of California has supplemental jurisdiction over the state claims as alleged in this complaint pursuant to 28 U.S.C. 1367(a). The reason supplemental jurisdiction is proper in this action is because all the claims derive from federal law or as to those claims arising under the state law, as herein alleged, or arose from a common nucleus of operative facts and arose out of the same transactions. The common nucleus of operative facts in the subject transactions, include, but are not limited to, the incidents where plaintiff was denied full and equal access to, and enjoyment of, Princess Cruise's facilities, goods and/or

IN ADMIRALTY - COMPLAINT FOR PERSONAL INJURIES AND INJUNCTIVE RELIEF

services in violation of both federal and state laws when she attempted to patronize Princess Cruise's place of public accommodation as a passenger of the vessel Emerald Princess-E907 as described within this complaint. Further, due to the denial of full and equal access to plaintiff, plaintiff was damaged as herein described. Based upon these allegations, the state actions as stated herein are so related to the federal actions that they form a part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## II.

## GENERAL ALLEGATIONS.

10. On or about March 11, 2019, plaintiff had physical impairments caused by cardiomyopathy disease and asthma. As a result, she suffers from breathlessness with exertion or even at rest, fatigue, heartbeats that feel rapid, pounding or fluttering, chest discomfort, dizziness, and lightheadedness.

11. Plaintiff is a person with a disability as defined under both state and federal law. She is registered with the Department of Motor Vehicles, and with defendant, Princess Cruise, as a Disabled Person.

12. On or about March 11, 2019, at approximately 3:30 p.m., plaintiff, Femy Wagas was a passenger on the cruise ship, Emerald Princess, said cruise ship being owned, operated and controlled by defendant Princess Cruise. Plaintiff had boarded the vessel Emerald Princes and was assigned living quarters on the 12th floor, Aloha Deck. Plaintiff was assigned Muster Station on the 7th floor deck. Her planned vacation was a 15-day Hawaiian cruise.

13. At approximately 3:30 p.m. defendant's employees announced a Mandatory Muster Station Drill, so plaintiff proceeded to go to the elevator on Deck 12. At that elevator the staff employees of defendant Princess Cruise were guarding the entrance to the elevators and prohibiting use by passengers. Plaintiff told the staff employees that she

was handicapped and unable to use the stairway. The staff employees responded saying that the elevators could not be used. Plaintiff was ordered to use the stairway and immediately go down the five flights of stairs from Deck 12 to Deck 7.

14. As plaintiff descended to Deck 10 she was holding the rail on her left side and her companion's arm on her right side. As plaintiff neared Deck 10 her shoe got stuck in the carpet and she missed the last two steps, falling face down and forward onto her knees with both feet and ankles underneath - one going one way and the other in the opposite direction.

15. Being a registered nurse for 45 years, plaintiff new she was in trouble when she could not get up and stand on her own. She was unable to bear weight on both legs. The two staff employees guarding the elevator on Deck 10 witnessed her fall and made their ship's 911 emergency call. There was no response. Plaintiff was left on the floor, unable to get up, for over 30 minutes in excruciating pain on the verge of fainting. Still no emergency responders.

16. Finally, one of the crew brought in a wheelchair, picked plaintiff up, and took her to the ship's Medical Center at approximately 4:10 p.m. X-rays were taken of both of plaintiff's legs which confirmed a fracture on her left fibula and severe contusions and torn ligament on her right leg. The poor-quality x-ray on the cruise ship Emerald Princess-E907 did not show a stress fracture on plaintiff's right ankle. This fracture was revealed by the x-ray taken later at the Kaiser Hospital.

17. The ship's doctor did not order plaintiff to be removed from the ship. The ship sailed for Hawaii with plaintiff on board and suffering severe pain.

18. Medical intervention provided by defendant Princess Cruise included the following: Tramadol for pain; the ship's doctor, Dr. Jen Leven, pushed plaintiff's leg bone in and try to set it before tramadol was given; a cast on plaintiff's left leg was applied; an Ace wrap was applied to plaintiff's right foot; both of plaintiff's legs were elevated; ice packs were applied to both legs; crutches were issued, but plaintiff could not stand any weight-bearing on her legs.

19. Plaintiff requested a wheelchair. Defendant Princess Cruise demanded a $150 deposit and a $20 per day wheelchair rental which plaintiff paid. Because plaintiff was unable to walk and completely wheelchair-bound, plaintiff requested an ADA (Americans with Disability Act) room. Princess Cruise employees stated none were available.

20. Because the wheelchair provided did not fit in plaintiff's regular balcony cabin door, she was forced to get the help of my traveling companion who was able to put plaintiff on a hard chair and drag her to bed. This procedure was also required when plaintiff needed to use the bathroom.

21. The first five days of this voyage were miserable for plaintiff. She was confined to her cabin and had to have food brought in. Both legs were iced and elevated at all times.

22. After five days on the high seas and suffering excruciating pain and inconvenience, suddenly an ADA room magically appeared out of nowhere. Plaintiff was moved from Aloha Deck 12 to Dolphin Deck 9, cabin 707.

23. On March 26, 2019 the cruise ship Emerald Princess-E907 returned to San Pedro, California. Plaintiff immediately went to Kaiser Baldwin Park ER. More x-rays were taken on both legs and plaintiff's back. When plaintiff fell on the stairs, she twisted her back, and she began experiencing severe back pain.

24. The orthopedic surgeon at Kaiser Baldwin Park recommended immediate surgery because the bone was not set right. It was healing incorrectly. Plaintiff was scheduled for surgery the next day.

25. On March 27, 2019 plaintiff underwent surgery for open reduction and internal fixation of her left ankle. The bone was reset, and a plate and screws were applied to her left leg. Additional x-rays revealed the hairline fracture of plaintiff's right ankle. A new cast was applied. Plaintiff remained unable to walk and both legs were non-weight-bearing. Plaintiff was rendered totally wheelchair bound.

26. On May 8, 2019 plaintiff was started on home health physical therapy visits,

1 rehab and exercises.

2     27. On May 10, 2019 plaintiff was seen by her primary physician for her back pain. Plaintiff was put on steroids, heating pad, ice pack, and pain medication. This back pain persists.

    28. As a proximate result of the actions and conduct of defendant Princess Cruise and its employees, plaintiff experienced broken bones, bruises, and severe pain and suffering that continues to this day. Plaintiff suffered dizziness, cognitive impairment, anxiety attacks, depression, and other behavioral deficiencies, all of which resulted in injury, disability and great physical pain and suffering from which she has and will continue to suffer greatly, and as a result of which plaintiff is entitled to recover for her losses and damages from defendants, and each of them.

    29. Plaintiff incurred the cost of physicians and surgeons and other medical expenses, the exact amount of which is at this time unknown, because the same continues. Plaintiff has been advised and anticipates that future surgeries and medical treatment will be required.

    30. As a proximate result of the actions and conduct of defendant Princess Cruise and its employees in failing provide safe conditions and to warn plaintiff of the unsafe conditions of its premises , plaintiff has suffered loss of enjoyment of life, mental anguish, medical expenses, and loss of earnings and/or earning capacity, all past, present and estimated future, for which plaintiff is entitled to recover damages in sums reasonable for her losses all in excess of $1,0000,000.

    31. As a proximate result of the actions and conduct of defendant Princess Cruise and its employees, plaintiff has been unable to work and has lost wages, the exact amount of which is at this time unknown, because the same continues.

    32. As a proximate result of the actions and conduct of defendant Princess Cruise and its employees, plaintiff has suffered various, permanent, unsightly scars that detracts from her appearance as a woman.

///

## III.

## FIRST CAUSE OF ACTION FOR PERSONAL INJURY DAMAGES AGAINST ALL DEFENDANTS

33. Plaintiff incorporates by this reference each of the preceding paragraph numbered 1 through 32.

34. Princess Cruise owed plaintiff the duty of reasonable care, which duty was breached by defendant creating and/or providing an unseaworthy vessel, and defendant did not warn plaintiff of the unseaworthiness of the vessel. Defendant was negligent in not exercising the appropriate care and protecting its passengers, business invitees and customers.

35. Defendant owed plaintiff the duty of reasonable care, which duty was breached by defendant, and defendant created and/or knew or should have known of the hazardous condition of the stairs, yet did not post signs or warnings to plaintiff or otherwise advise plaintiff of the hazard. Defendants and each of them were negligent in not exercising the appropriate care and protecting its passengers, business invitees and customers.

36. Plaintiff, Femy Wagas, in no way contributed to the accident and had no opportunity to avoid her injuries and losses, and was in no way at fault, but the accident and resultant damages were caused solely by the negligence of defendant, the owner/operator of the cruise ship, Emerald Princess-E907. Some of which negligence consisted of, but is not necessarily limited to the following particulars, to-wit:

a) Failure to properly warn passengers such as plaintiff of the dangers;

c) Failure to provide an adequate handrail.

d) Failure to ensure a safe environment under the circumstances, taking into account the registered disability of plaintiff.

e) Negligent by reason of its employees' failure to properly maintain the facility in a safe and reasonable manner.

f) The failure of defendants, and each of them, to exercise reasonable care to correct

the dangerous condition.

g) Failure to provide adequate and prompt medical care and accommodations for plaintiff.

h) Failure, in general, to exercise due care under existing circumstances.

i) All other acts of negligence which may be proved at the trial of this cause.

37. The above reference negligence constitutes individual and concurrent negligence on the part of the defendants, and each of them, proximately causing plaintiff's slip and fall and the resultant damages and injuries she suffered.

38. At all times pertinent hereto, defendant Princess Cruise and DOE 1 through 10 were the owner operators of the cruise ship Emerald Princess-E907 and were in exclusive control of the area where this accident occurred.

39. In the alternative, if defendant Princess Cruise should show that the doctrines of Strict Liability and the Presumption of Negligence are not applicable to the instant case, Plaintiff specifically pleads the doctrine of *res ipsa loquitur*, in that the accident which caused injuries to plaintiff, Femy Wagas, was caused by an agent or instrumentality within the actual or constructive control of defendants and each of them as the owner operator of cruise ship Emerald Princess-E907, their agents or employees, which ordinarily does not occur in absence of negligence, and the evidence as to the true explanation of the accident is more readily accessible to defendant and/or its agents or employees, than to Plaintiff.

40. In the alternative, if defendants Princess Cruise should show that the doctrines of Strict Liability, Presumption of Negligence or *res ipsa loquitur* are not applicable to the instant case, plaintiff alleges that she in no way contributed to her injuries and damages and had no opportunity to avoid the accident and resulting injuries which were caused solely and proximately by the negligent acts or omissions on the part of defendant Princess Cruise and/or its agents and/or employees, which were acting in the course and scope of their employment for defendant Princess Cruise and, accordingly defendants and each of them are responsible for the negligent acts of its employees.

## IV.

## SECOND CAUSE OF ACTION FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST ALL DEFENDANTS.

41. Plaintiff incorporates by this reference each of the preceding paragraph numbered 1 through 40.

42. Based on the facts as alleged herein, plaintiff was denied full and equal enjoyment of and access to defendant's goods services facilities privileges advantages or accommodations in violation of the ADA. Plaintiff alleges that defendants own, lease and/or operate a public accommodation as defined in 42 U.S.C. 12181(7). The condition of defendants' existing facilities and/or the manner in which the defendants provided services failed to provide full and equal access to defendants' goods and services in public accommodations as required generally by the provisions of 42 U.S.C. 12182(a) and 42 U.S.C. 12182(b)(1)(A). As herein alleged, plaintiff was specifically subjected to discrimination in violation of 42 U.S.C. 12182(b)(2)(A)(iv), 42 U.S.C. 12182(b)(v), 42 U.S.C. 12182(b)(2)(A)(iii), and 42 U.S.C. 12188, because plaintiff was denied equal access to and enjoyment of the facilities.

43. Plaintiff has physical impairments as alleged in Paragraph 10 above, because plaintiff's conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, plaintiff's physical impairment substantially limits major life activities including standing, walking and grasping. Plaintiff cannot perform the above-noted major life activities in the matter, speed and duration when compared to the average person. Moreover, plaintiff has a history of or has been diagnosed and/or classified as having physical impairment as required by 42 U.S.C. 12102(2)(A).

44. One of the specific prohibitions against discrimination under the ADA is set forth in 42 U.S.C. 12182(b)(1)(A)(iv). That section provides, in pertinent part: "A failure to remove architectural barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable."

45. Plaintiff alleges that the removal of each of the specific barriers that plaintiff encountered as set forth herein was at all times "readily achievable" pursuant to the factors set forth in the ADA and the applicable regulations adopted by the United States Department of Justice under the ADA - 28 CFR, part 36. Further, assuming, arguendo, that defendants were able to meet their burden of proof that the removal of the defined architectural barriers (or any of them) was or is not "readily achievable," defendants have conspicuously failed to make their goods, services, facilities, privileges, advantages and/or accommodations available through alternate readily achievable means pursuant to the requirements of 42 U.S.C.12182 (b)(2) A)(v).

46. The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. 12182 (b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or combinations to individuals with disabilities . . ."

47. Based on the facts pled herein, defendants failed and refused to reasonably modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist plaintiff and/or others similarly situated in entering and utilizing defendant's facilities and services as required by the ADA.

48. Based on the facts pled herein, plaintiff was damaged and will suffer irreparable harm unless defendants are ordered to remove architectural and other barriers at defendants' public facility. Plaintiff alleges that defendants discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation, especially medical facilities. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of defendants. Plaintiff desires to return to defendant's place of business in the immediate future. Accordingly, plaintiff alleges that a prohibitory or mandatory injunction, and an independent consultant to monitor compliance, is necessary to enjoin compliance with

1 federal civil rights laws enacted for the benefit of individuals with disabilities.

## V.

## THIRD CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE, SECTION 54 AND 54.1 AGAINST ALL DEFENDANTS.

49. Plaintiff incorporates by this reference each of the preceding paragraph numbered 1 through 48.

50. Based on the facts as pled herein plaintiff alleges that defendants have discriminated against plaintiff and violated plaintiff's rights under California Civil Code, sections 54 and 54.1. At all times relevant to this action California Civil Code, sections 54 and 54.1, have provided that physically disabled persons are not to be discriminated against because of their physical disabilities and that they shall have full and equal use of public facilities and other public places.

51. California Civil Code, section 54 (h), states that individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics and physicians' offices, public facilities and other public places.

52. An individual with a disability is defined in California Government Code, section 12926.

53. California Civil Code, section 54(c), provides the violation of the rights of an individual under the ADA also constitutes a violation of section 54.

54. California Civil Code, section 54.1(a)(1), provides, in pertinent part, as follows:

> 54.1(a)(1) individuals with disabilities shall be entitled to full and
> equal access, as other members of the general public, to
> accommodations, advantages, facilities, . . . Places of public
> accommodation, amusement, or resort, and other places to
> which the general public is invited, subject only to the

conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

55. California Civil Code, section 54.1(d), provides that a violation of the ADA also constitutes a violation of section 54.1.

56. California Civil Code, section 54.3, provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in Section 54 or Section 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under Section 54 or Section 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1000 for each incident, and such attorneys' fees as may be determined by the court.

57. The violation of plaintiff's rights under the ADA as alleged in this complaint have resulted in the denial of plaintiff of full and equal access to the property and the goods and services offered there and have caused plaintiff to suffer the damages and harm as alleged herein.

## VI.

## THIRD CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE, SECTION 51 AGAINST ALL DEFENDANTS

58. Plaintiff incorporates by this reference each of the preceding paragraph numbered 1 through 57.

59. At all times relevant to this action, California Civil Code, section 51, has provided that physically disabled persons are not to be discriminated against because of their physical disabilities. Based on the facts pled above and elsewhere in this complaint plaintiff alleges that defendants have discriminated against plaintiff and intentionally violated plaintiff's rights under California Civil Code, section 51. The lack of an accessible entrance to the facility and the lack of accessible bathroom facilities were open and obvious violations of the rights of disabled passengers, such as plaintiff.

60. Plaintiff is a disabled person or has a disability as defined by California Government Code, section 12926.

61. California Civil Code, section 51, provides in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

62. California Civil Code, section 51(f), states that a violation of the ADA also Constitution a violation of California Civil Code, section 51.

63. Plaintiff is entitled to damages under California Civil Code, section 52(a), which provides as follows:

> (a) Whoever denies, aids or insights a denial, or makes any determination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5 or 51.6.

64. Based on the facts as herein alleged plaintiff will suffer irreparable harm unless defendants are ordered to discontinue doing business at the property or remove architectural and other barriers at defendant's public accommodation. Plaintiff alleges that defendant's discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts plaintiff and a substantial segment of the disability community. Plaintiff alleges that there is a state and national public interest in requiring

accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress this discriminatory conduct of defendants. Plaintiff desires to return to defendant's place of business in the future but is precluded or deterred from doing so, because of the barriers as alleged herein. Accordingly, plaintiff alleges that a prohibitory or mandatory injunction is necessary to compel compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

## VII.

## FOURTH CAUSE OF ACTION FOR NEGLIGENCE PER SE AGAINST ALL DEFENDANTS

65. Plaintiff incorporates by this reference each of the preceding paragraphs numbered 1 through 64.

66. Defendants' violations of the above statutes posed an unreasonable risk of injury to individuals with disabilities who require removal of accessibility barriers to their wheelchairs or scooters. Plaintiff's injuries were caused by these statutory violations as herein alleged which statutes were enacted to protect members of the public from just this type of harm.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Femy Wagas prays:

    a. For general damages pursuant to California Civil Code, sections 52, 54.3, 3281 and 3333, and/or under common law.

    b. For $4000 in damages pursuant to California Civil Code, section 52, for each and every violation of California Civil Code section 51.

    c. In the alternative to the damages pursuant to California Civil Code, section 52, as prayed above, for $1000 in damages pursuant to California Civil Code, section 54.3, for each and every violation of California Civil

Code, section 54 and 54.1.

d. For injunctive relief pursuant to 42 U.S.C. 12188(a) and California Civil Code, section 52. Plaintiff requests that this court enjoying defendants from continuing to do business at the property prior to providing fully accessible entry, and accessible bathrooms and demonstrate compliance with the standard set forth in the ADA as well as compelling defendants to bear the cost of an independent consultant to monitor compliance;

e. For interest on the above sums as provided by law.

f. For attorneys' fees pursuant to 42 U.S.C. 988, 42 U.S.C. 12205, and California Civil Code, section 52 and 54.3; and

g. For such other and further relief as the court may deem just and proper.

Dated: March 8, 2020.

        PRINCE & HEUER

        By: _____
        HENRY T. HEUER,
        Attorney for Plaintiff,
        FEMY WAGAS

## DEMAND FOR JURY TRIAL

Plaintiff, Femy Wagas, hereby requests that this action be determine by a trial by jury.

Dated:  March 8, 2020.

PRINCE & HEUER

By: _____
HENRY T. HEUER,
Attorney for Plaintiff,
FEMY WAGAS